IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 CR 754 |
| | ) | |
| JON A. DARMSTADTER | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DISCLOSURE OF FAVORABLE EVIDENCE**

NOW COMES the Defendant, Jon A. Darmstadter, by and through his attorneys, Lawrence Wolf Levin and Michelle M. Ferrigan, pursuant to Brady vs. Maryland, 373 U.S. 83 (1963) and Giglio vs. United States, 405 U.S. 150 (1972), and moves this Honorable Court for entry of an Order directing the government to disclose all of the following within the possession, custody or control of the government, or the existence of which is known to the government.

The following requests for information are not limited to information memorialized in written form, but include information in any form, whether written, oral or recorded. Where the identity of persons is requested, name and last known address should be given, if known. Furthermore, the identity of persons is requested regardless of whether the government is in possession of a statement from said individual.

For purposes of this motion, the Defendant includes in the term "witness" any person who may be called to testify by the government as well as any co-conspirator, co-schemer, or person whose hearsay declarations the government will seek to introduce at trial. Under Rule 806 of the Federal Rules of Evidence, the credibility of a non-testifying declarant may be attacked by any evidence which would be admissible for these purposes if the declarant had testified as a witness. Therefore, material going to the credibility of a non-testifying hearsay declarant is relevant to the trial of this case.

Through this motion, the Defendant asks that the government disclose the following:

1.   **Criminal Records**

Any and all records and information revealing prior felony convictions or convictions that bear on the witnesses' truthfulness, guilty verdicts, or juvenile adjudications attributed to each witness including, but limited to the relevant criminal histories or "rap sheets."

2. **<u>Other Misconduct or Bad Acts</u>**

a. Any and all records and information, whether written, oral, or contained in documents, regarding any misconduct or bad acts of, or attributed to any witness, regardless of whether the witness admits the misconduct or bad acts.

b. Any and all agency investigative files of the Drug Enforcement Administration or any other Federal or State agency, including but not limited to interviews, documents, tape recordings, and case reports for any person who will be a witness for the government.

3. **<u>Immunity, Plea Agreements, and Other Benefits</u>**

a. Any and all consideration or promises of consideration given to any witness or expected or hoped for by any witness. "Consideration" is to include anything, whether bargained for or nor, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to plea agreements, formal or informal; direct or indirect leniency, favorable treatment or recommendation or other assistance with respect to any pending or potential criminal. parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provision for food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program"; informer status of the witness; and anything else that could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony.

b. Copies of statements, if any submitted by the government or intended for submission by the government to the pretrial services department of the probation department of the United States District Court on behalf of any witness who has been sentenced or who is presently awaiting sentencing.

4. **<u>Inconsistent or Exculpatory Statements of Witnesses</u>**

a. Identify any and all occasions on which a witness made;

1. A statement inconsistent with any other statement made by the witness;

2. A statement inconsistent with his predicted trial testimony;

       3.      A statement that he had no knowledge of the crimes charged in the indictment;

       4.      A statement that the Defendant was not involved in any criminal activity, including but not limited to the criminal activity charged in the indictment;

       5.      A statement inconsistent with any other statement made by any other person or any other witness, irrespective of whether that person or witness will be called to testify by the government.

    b.    As to each occasion above, identify and provide any notes, written statements, summaries of statements, or memoranda of such statements. Where no written record or evidence of such statements exists, identify the date, place and person present for the making of the statement and set forth a summary of the statement.

    5.    **Potential Prosecutions**

Any and all discussions in any context, coercive or non-coercive, or any threats of coercion, express or implied, direct or indirect, regarding criminal prosecutions, investigations, potential prosecutions, or forfeiture charges or actions presently pending or which could be brought against the witness whether made directly to the witness or to his attorney or representative; any probationary, parole, deferred prosecution or custodial status of the witness; and any civil, internal revenue, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence.

    6.    **Personnel and Other Files**

Any and all personnel files for the witness; the existence and identity of all federal, state and local government files for the witness; the existence and identity of all internal affairs, internal investigation or public integrity investigation files concerning the witness; the existence and identity of any investigation or misconduct by an employer or other entity or person concerning the witness; the existence and identity of any complaints regarding misconduct by the witness.

    7.    **Alcoholism, Drug Use, Psychiatric History, Physical History**

Any and all information, records, or documents, whether oral or recorded, related to any witness or alleged co-conspirator or co-schemer regarding:

    a.    Physical symptoms, problems, examinations, treatments and/or hospitalizations;

    b.    Mental, emotional, or behavioral problems, symptoms, treatments, examinations, or hospitalizations, including but not limited to psychiatric or psychological disorders;

    c.    Alcoholism or the use of alcohol, including but not limited to symptoms, examinations, treatment, or hospitalization for alcoholism, alcohol abuse, use of alcohol, or any alcohol related disorder, whether physical, mental, or behavioral.

    d.    Drug addiction or use of drugs, including but not limited to cocaine, marijuana, amphetamines, prescription or non-prescription drugs, heroin, including but not limited to use of, symptoms, examination for, treatment for, or hospitalization for the use or abuse of such substance.

In support of the instant motion, Defendant asserts that suppression of such material and relevant information will effectively deprive him of his ability to adequately prepare his defense, and the failure or refusal by the prosecution to produce the foregoing materials would constitute the deprivation to the Defendant of due process of law and suppression of evidence favorable to the accused. Given the range of necessary information and the fact that such information is peculiarly within the possession of the government or their agencies, Defendant respectfully urges this Honorable Court to enter the order requested.

LAWRENCE WOLF LEVIN
MICHELLE M. FERRIGAN
Law Offices of Lawrence Wolf Levin
214 W. Ohio St., 5th Floor
Chicago, IL 60610

Respectfully submitted,
S/ Lawrence Wolf Levin
LAWRENCE WOLF LEVIN

S/Michelle M. Ferrigan
MICHELLE M. FERRIGAN