IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 CR 754 |
| | ) | |
| JON A. DARMSTADTER | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DISCOVERY**

NOW COMES Defendant, Jon A. Darmstadter, by and through his attorneys, Lawrence Wolf Levin and Michelle M. Ferrigan, and moves this Honorable Court for an order granting him discovery, to and including, but not be limited to the following:

1. A bill of particulars containing:
   a) the exact time and date of the occurrence; and
   b) the exact street and address and any physical description of the location of the occurrence.

2. A list of witnesses or persons that the prosecution may or may not call as witnesses and their addresses, including production of the following:
   a) any written or recorded statements by those witnesses, including those written or recorded statements of police officers.

3. A list of all persons that the Government may or may not call who were occurrence witnesses at the scene of the alleged offense or who were present at the time of the arrest of the defendant(s), together with their last known addressed and telephone numbers.

4. Any written or recorded statement(s) and the substance or any oral statements made by the accused, defendants, or co-indictee, to and including:
   a) a list of witnesses to the making and acknowledgement of such statements;
   b) the time, place, and date of the making of such statements; and
   c) any written or recorded memoranda containing the substance of any oral statements.

5. Any transcript of the Grand Jury Minutes containing the testimony of the accused and testimony before the Grand Jury of those witnesses whom may be called to testify before trial. This is to include any transcription made of witness testimony that may be favorable to defense.

6. A list of all physical property that the Government intends to use at the time of trial, to and including:

      (a)    a list of all physical property in the possession of law enforcement officials;
      b)    date and time property was acquired;
      c)    location from which the property was acquired;
      d)    what person or persons first took the property in their possession;
      e)    reports made by law enforcement authorities pertaining to this property, including scientific reports, etc.; and
      f)    that such property be made available to the defense for inspection before trial.

7. Any reports or statements of experts made in connection with the particular case, including the results of physical or mental examinations and/or scientific tests, experiments, comparisons.

8. Any books, papers, documents, photographs or tangible objects which the prosecution intends to use in the hearing or trial or were obtained from or belonging to the accused of co-defendant.

9. Prior criminal records of the Government's witnesses to be used for impeachment.

10. That the prosecution disclose whether there is pending against any witness listed in paragraph (2) supra, any criminal or civil action involving the government or any such action pending during the pendency of the prosecution of the accused, and if, full disclosure as to the nature of such legal actions.

11. Whether the prosecution intends to use certified copies of convictions of the accused for purposes of impeachment during trial, and time and jurisdiction of such convictions.

12. That the prosecution disclose any evidence in its possession as to whether it will rely on prior acts of conviction of a similar nature as proof of knowledge, intent or motive.

13. That names and addresses of the witnesses that the Government intends to call at the time of trial for identification of the defendant as the perpetrator of the crime, to and including:
      a)    time, date and place of identification;
      b)    if photographic identification was used, production of any photo used, whether of defendant or other persons;
      c)    all persons present at such viewing;
      d)    any pictures take of lineup, etc.; and
      e)    names of any individuals who confronted the accused and made no identification or identified him for other crimes.

14. That the prosecution disclose whether any person has identified anyone other than the accused as the perpetrator or participant in the offense charged in the indictment or information.

15. That the prosecution disclose to counsel for the accused as to whether any person has identified the photograph of anyone other than the accused as the perpetrator or participant in the offense charged in the indictment or information.

16. That the prosecution supply any reports and results of any and all scientific tests, experiments, and examinations made by experts or others and the names of such persons who conducted the test, or others and the names of such persons who conducted, (including such test as ballistics, fingerprints, blood, semen, and other stains) pertinent to this case.

17. That the prosecution shall inform the defense counsel of electronic surveillance (including wire-tapping of conversations to which the accused was a party) of his premises, or that the prosecution intends to use on prosecution of a conspiracy.

18. That the prosecution inform defense counsel whether any evidence was acquired as a result of the execution of any legal process. If so, a copy of this to be supplied to the defense for purposes of inspection.

19. That the prosecution disclose the names and addresses of any witness or witnesses that may be or would be favorable to the defense. These witnesses are to be clearly and separately identified on the list of witnesses. The same disclosure is requested of any physical evidence or scientific evidence that might be favorable to the defense.

20. That the prosecution be ordered to compel any informant whom the Government intends to keep the identity of a secret, of the presence of the defendant if the informant, in fact, does exist. Further, that informants who are to be produced at any hearing or trial, be named or disclosed on the list of witnesses.

                                          Respectfully submitted,
                                          S/ Lawrence Wolf Levin
                                          LAWRENCE WOLF LEVIN

                                          S/Michelle M. Ferrigan
                                          MICHELLE M. FERRIGAN

LAWRENCE WOLF LEVIN
MICHELLE M. FERRIGAN
Law Offices of Lawrence Wolf Levin
214 W. Ohio St., 5th Floor
Chicago, IL 60610
(312) 236-7543